Opinion issued June
14, 2012.

 



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-12-00201-CR

____________

 








WILLIAM BARRON MOORE, II, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1311402

 

 



MEMORANDUM
OPINION








          Appellant,
William Barron Moore, II, pleaded guilty to the felony offense of unlawful
access to stored communications[1]
and pleaded true to the allegations in two state-jail felony enhancement
paragraphs.[2]  The trial court found appellant guilty, found
the enhancements true, and, in accordance with the terms of appellant’s plea
agreement with the State, sentenced appellant to confinement for seven years in
the Institutional Division of the Texas Department of Criminal Justice.  Appellant has filed a pro se notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant
may only appeal those matters that were raised by written motion filed and
ruled on before trial or after getting the trial court’s permission to appeal. Tex. R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record. Tex. R. App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See id.  The trial court’s certification
states that this is a plea-bargained case and that the appellant has no right
of appeal.  See Tex. R. App. P.
25.2(a)(2).  The record supports the
trial court’s certification.  See Dears v. State, 154 S.W.3d 610, 615
(Tex.Crim.App. 2005).  Because appellant
has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex.Crim.App.2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”).

Accordingly, we dismiss the appeal
for want of jurisdiction.  We dismiss all
pending motions as moot.

PER CURIAM

Panel consists of Justices Bland, Massengale, and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 

 











[1]               See Tex. Penal Code Ann. § 16.04(b)(1), (d) (West 2011).

 





[2]           See Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1,
1995 Tex. Gen. Laws 2734, 2734-35, amended
by Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 5, 2011 Tex. Gen. Laws
2104, 2104-05 (current version at Tex.
Penal Code Ann. § 12.425(a)
(West Supp. 2011)).